IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **TERRY ALLAN AILLS, 528365,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:07-CV-1776-N |
| ) | ECF |
| **NATHANIEL QUARTERMAN, Director** ) | |
| **Texas Department of Criminal Justice,** ) | |
| **Correctional Institutions Division** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions, and Recommendation of the Magistrate Judge are as follows:

**I. Background**

On October 13, 1989, Petitioner was convicted of burglary and sentenced to thirty years imprisonment. *State v. Aills*, No. F89-74072-RN(195th Dist. Ct., Dallas County, Tex., Oct. 13, 1989). Petitioner does not challenge his conviction. Instead, he challenges the Texas Board of Pardons and Paroles ("Board") decision to deny him release to parole.

Prior to filing this action, Petitioner exhausted his state court remedies. On February 28, 2007, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Aills*, No. 67,331-01(Tex. Crim. App. April 25, 2007, pet. ref'd). The Court of Criminal Appeals denied the petition without written order. *Id.*

On October 3, 2007, Petitioner filed this federal petition. He argues the Board has

violated his constitutional rights by denying him release on parole by improperly relying on "static factors" rather than the statutorily mandated factors. On June 17, 2008, Respondent filed his answer arguing the petition is barred by the one-year statute of limitations. Petitioner replied on October 3, 2008, asking the Court to toll the limitations period. The Court now determines the petition is barred by limitations and should be dismissed.

## II. Discussion

### A. Statute of Limitations

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). The one-year period is calculated from the latest of either: (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base is petition on any new constitutional right under subparagraph (C). With regard to subparagraph (A), the Court determines that it is inapplicable because it pertains to direct review of "the judgment," which is not at issue in this case. The Court will therefore calculate the one-year statute of limitations under subparagraph

(D), from the date the facts supporting the claims raised in the instant petition became known or could have become known through the exercise of due diligence.

In this case, the Board informed Petitioner on June 24, 2006, that it was denying him release to parole for the following reasons:

> 1D   The record indicates that the inmate has repeatedly committed criminal episodes or has a pattern of similar offenses that indicates a predisposition to commit criminal acts upon release; or the record indicates that the inmate is a leader or active participant in gang or organized criminal activity; or the record indicates a juvenile or adult arrest for felony or misdemeanor offenses.
>
> 3D   The record indicates excessive drug or alcohol involvement that includes possession, use or delivery in the instant offense or criminal history.
>
> 5D   The record indicates unsuccessful periods of supervision on previous probation, parole, or mandatory supervision that resulted in incarceration, including parole-in-absentia.

Brief of Respondent at 3 & nn. 3-4.[1] As of June 24, 2006, Petitioner knew, or could have discovered through due diligence, that the Board considered the "static factors" in denying him release to parole. Thus, the federal statute of limitations began on Petitioner's claims on June 24, 2006 and ended on June 24, 2007.

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of state habeas proceedings. Petitioner's state habeas proceedings began February 28, 2007, and ended with the denial order of the Texas Court of Criminal Appeals on April 25, 2007. This state petition therefore tolled the limitations period for fifty-six days. When fifty-six days are added to the original ending date of the federal statute of limitations, the new limitations date

---

[1] *See generally* TDCJ-CID, *Parole/Mandatory Supervision Information, Approval/Denial Reasons*, http://www.tcdj.state.tx.us/bpp/what_is_parole/reasons.htm (last visited May 26, 2009)(provides the definitions for the shorthand designations used by the Board).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -3-

became August 27, 2007.  Petitioner did not file his federal habeas corpus petition until October 3, 2007, rendering the petition untimely.

**B.  Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases."  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  The Fifth Circuit held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' "  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner contends that the Board's Special Review period should equitably toll against the federal statute of limitations.  *See* 37 TEX. ADMIN. CODE § 145.17(f).  The Fifth Circuit Court of Appeals, however, has held that equitable tolling is not applied to the special review period, because Petitioner under Texas law is "not required to seek special review to exhaust his state court remedies."  *Wion v. Quarterman*, No. 07-50580, 2009 WL 1139285, at *1 (5th Cir. 2009).

Petitioner fails to allege any "rare and exceptional" circumstances entitling him to equitable tolling.  The petition should therefore be dismissed.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d).

Signed this 17th day of June, 2009.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO OBJECT**

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).